QUESTIONS: 1. To what extent, if any, does Ch. 74-91, Laws of Florida, apply to or delimit payment of membership dues or contributions to professional or other organizations when such payments are made with other than state funds, such as local ad valorem tax receipts, proceeds from local bond issues, or revenue derived from operation of or sale of locally owned and financed capital resources? 2. Would Ch. 74-234, Laws of Florida, affect the levying of a tax by the Florida Inland Navigation District in the future when the district did not levy any taxes for several years prior to the effective date of the act?
SUMMARY: Chapter 74-91, Laws of Florida, authorizing components of state government to utilize state funds for certain given purposes, does not apply to the Florida Inland Navigation District, a unit of local government, and therefore does not affect the authority of the district to utilize funds derived from local sources for the purposes set out in that chapter. Nor do the requirements of Ch. 74-234, Laws of Florida, relating to levying of millage, apply to multi-county taxing authorities where the district or board is limited by law to ad valorem tax revenues based on separate levies of one mill or less. Question 1 is answered as set out below. Question 2 is answered in the negative. AS TO QUESTION 1: Chapter 74-91, Laws of Florida [s. 216.345, F. S. (1974 Supp.)], reads in relevant part as follows: Section 1. Dues of state agencies and individual state officers and employees for membership in professional or other organizations; when authorized to be paid out of state funds (1) A state department, agency, bureau, commission or other component of state government, upon approval by the administration commission or its designated agent, may utilize state funds for the purpose of paying dues for membership in a professional or other organization. The administration commission shall approve the payment of such membership only where it is essential to the statutory duties and responsibilities of the state agency. (2) Upon certification by a state department, agency, bureau, commission, or other component of state government that a professional or other organization does not accept institutional memberships, the administration commission may authorize the use of state funds for the payment of individual membership dues where such membership is essential to the statutory duties and responsibilities of
the state agency by which the individual is employed. (Emphasis supplied.) It is thus apparent that the subject of Ch. 74-91, Laws of Florida, is the payment by a component of state government of certain professional dues of its members out of state funds. An examination of the Florida Inland Navigation District indicates that it is not a state agency, bureau, commission, or other component of state government. The district is a multi-county special taxing district. Section 1, Ch. 14723, 1931, Laws of Florida. It is governed by a Board of Commissioners elected by the local county electors. Section 3, Ch. 14723. Millage is levied against the taxable property within the district, not to exceed one-tenth mill. Section 9, Ch. 65-900, Laws of Florida. The board is directed to "act in conjunction with but at all times under and subject to the supervision of the state board of conservation." Section 4, Ch. 65-900. As such, it has the characteristics of a local special district and not an agency of the state government. See s. 20.03, F.S. While not created pursuant to Ch. 374, F.S., the district is substantially similar to a district created pursuant to Part III of that chapter and its relation to the state government is identical. See s. 374.761. I have previously determined that, for the purposes of Ch. 73-349, Laws of Florida, navigation districts under Part III of Ch. 374 were not units of state government but units of local government (see AGO 074-17), and, more generally, that special districts and other separate statutory entities are not considered to be agencies of a state. Attorney General Opinion 074-7. I am of the same opinion in regard to the Florida Inland Navigation District, and for essentially the same reasons as stated in those opinions. In addition, your letter refers to the authority of the district to make the subject payments out of "other than state funds," such as local ad valorem tax receipts, proceeds from local bond issues, or revenue derived from operation of or sale of locally owned and financed capital resources. This clearly is not within the scope of authority of the act, which relates to the use of state funds and therefore reaffirms my opinion that the district is not affected by the terms of Ch. 74-91, Laws of Florida, with regard to the payment of professional dues of its employees. AS TO QUESTION 2: Chapter 74-234, Laws of Florida, provides in s. 16 [s. 200.065, F.S. (1974 Supp.)] certain requirements with regard to levying of millage. These requirements are applied to multi-county taxing districts such as the Florida Inland Navigation District by s. 16(9), which reads as follows: (9) Multi-county taxing authorities shall be subject to the provisions of this section. The term taxable value shall mean the taxable value of all property subject to tax by the authority. The assessor shall not certify a millage to multi-county taxing authorities but rather shall submit to the department of revenue the taxable value of property in his county which is subject to taxation by the multicounty taxing authority and the executive director of the department of revenue shall certify the millage to such authorities. If the department has not received such information from a county by September 1, it shall make the certification based upon the best information available. The multi-county district shall add to the advertisement set forth in subsection (3) just prior to the names of the members of the taxing authority the following sentence: This tax increase is applicable to (name of county(ies)) county(ies). The provisions of this section shall not apply to any multi-county taxing authority wherein the district or board is limited by law to ad valorem tax revenues based on separate levies of one mill or less. (Emphasis supplied.) Section 9 of Ch. 65-900, Laws of Florida, reads as follows: Section 9. Subsection (a) of section 11 of chapter 14723, laws of Florida, acts of 1931, is amended to read as follows: Section 11. It shall be the duty of the board of commissioners of said district to annually assess and levy against the taxable property in said district a tax not to exceed one-tenth mill on the dollar for each year, and the proceeds from such tax shall be used by said commission for all expenses including the purchase price of the right-ofway and other property. And repeal subsection (b) of section 11, chapter 14723, laws of Florida, acts of 1931. Thus, the district is limited to a maximum annual levy of one-tenth mill for all purposes. Therefore, the district is clearly exempted from the pertinent provisions of Ch. 74-234, Laws of Florida, by the last sentence of s. 16(9) of that chapter, as it is authorized to levy less than one mill.